# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TERRY MILLINER, TERRI NELSON )
and EDWARD WASHINGTON, )
                                           )      **Case No.**
           **Plaintiffs,**              )      **Judge**
                                            )      **Magistrate Judge**
**v.**                                          )      **JURY DEMAND**
                                            )
TT OF T. MURFREESBORO, INC. )
d/b/a Toyota of Murfreesboro, )
                                            )
           **Defendant.**              )

## COMPLAINT

For their Complaint against defendant TT of T. Murfreesboro, Inc. d/b/a Toyota of Murfreesboro ("defendant"), plaintiffs Terry Milliner, Terri Nelson and Edward Washington ("plaintiffs") state:

### PARTIES

1. Plaintiffs are each former employees of defendant.

2. Defendant is a Tennessee corporation with its principal place of business at 3434 Bill Smith Road, Murfreesboro, Rutherford County, Tennessee. Defendant can be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3. Defendant operates a for-profit, franchised automobile dealership within the Middle District of Tennessee. At all relevant times, defendant employed more than 15 individuals, including plaintiffs.

## JURISDICTION AND VENUE

4. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and have received the attached Notices of Right to Sue ("Notice") from the EEOC.

## FACTS

6. Plaintiffs were employed by defendant.

7. During plaintiffs' employment, defendant discriminated against plaintiffs because of their race with respect to the terms, conditions and privileges of employment, including not promoting plaintiffs, criticizing, yelling and belittling plaintiffs when it did not do so to Caucasian employees, referring to plaintiffs in derogatory terms, paying plaintiffs less than similarly situated non-African-American employees, not paying plaintiffs money they had earned and providing plaintiffs less valuable benefits than similarly situated non-African-American employees. Defendant's actions were in violation of Title VII, Section 1981 and the THRA.

8. During plaintiffs' employment, defendant created, allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions. Defendant's actions were in violation of Title VII, Section 1981 and the THRA.

9. Defendant retaliated against plaintiffs because of their opposition to defendant's racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments and racially offensive jokes, constantly referring to plaintiffs and other African-American employees by the use of racial epithets and other mistreatment. Defendant's actions were in violation of Title VII, Section 1981 and the THRA.

10. Defendant discriminated against plaintiffs on the basis of their race because of their opposition to defendant's racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment. Defendant's actions were in violation of Title VII, Section 1981 and the THRA.

11. Defendant discharged plaintiffs because of their race and/or their complaining about, opposing and/or refusing to participate in unlawful conduct.

12. As a direct result of defendant's actions, plaintiffs have suffered damages.

13. As a result of its actions, defendant is liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred.

14. As a result of its actions, defendant is liable for punitive damages and for plaintiffs' attorneys' fees.

15. As a result of its actions, defendant is obligated to make plaintiffs whole for all lost earnings and benefits.

### Claim for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law

16. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 15 herein.

17.     Defendant discriminated against plaintiffs in the terms, conditions and privileges of their employment and discharged plaintiffs from their employment because of their race and/or in retaliation for their opposition to and/or refusal to participate in defendant's racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment, in violation of Title VII, Section 1981 and the THRA.

18.     Defendant created, allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions in violation of Title VII, Section 1981 and the THRA.

19.     Defendant retaliated against plaintiffs because of their opposition to defendant's racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and other mistreatment, in violation of Title VII, Section 1981 and the THRA.

20.     As a result of its actions, defendant is liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred as well as for punitive damages.

21.     As a result of its actions, defendant is liable for plaintiffs' attorneys' fees.

22.     As a result of its actions, defendant is obligated to make plaintiffs whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiffs demand the following relief:

1.     A jury trial and entry of judgment in their favor;

2.     Back pay and damages for lost benefits;

3.     Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4.     Reinstatement or, alternatively, front pay and damages for lost benefits;

5.     Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted,

_____
Kerry E. Knox (TN BPR No. 23302)
117 South Academy Street
Murfreesboro, Tennessee 37130
(615) 896-1000

_____
Stephen W. Grace, (BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiff